GUSTAVE MARTINI v. NIELS CHRISTENSEN and Others.[1]

April 22, 1895.

No. 9135.

**Reformation of Deed.**

Evidence *held* sufficient to warrant the reformation of the deed, and to sustain the judgment ordered for the defendant.

**Findings Insufficient.**

But *held*, the findings of fact made in this case will not sustain such a judgment.

**Reformation of Contract—Mistake.**

The rule applied that a written contract cannot be reformed on the ground that, by reason of mistake, it does not express the true contract of the parties, unless it is found that the mistake is mutual, or that the alleged error occurred by reason of the mistake of one party and the fraud of the other. The court found such mistake as to one party, but not as to the other. *Held*, from the other evidential facts found by the court, as recited in the opinion, it cannot be held, as a mere conclusion of law, that there was such mistake or fraud on the part of the other party.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial. Reversed.

*William G. White*, for appellant.

*Stevens, O'Brien, Cole & Albrecht*, for respondent.

CANTY, J. Plaintiff is the assignee of a mortgage made by the defendant Christensen. After the making of the same, Christensen conveyed the mortgaged premises to the defendant Arend, who, by

[1] Reported in 62 N. W. 1127.

the terms of the deed of conveyance, assumed and agreed to pay the mortgage. This action is brought to recover of the defendants the amount of the mortgage indebtedness. The defendant Arend alone answered, and in his answer alleges, in substance, that he agreed with Christensen to purchase the mortgaged premises, and Christensen agreed to convey the same to him, subject to the mortgage, but that he never agreed to assume or pay the mortgage indebtedness, and that the provision in said deed, by the terms of which he assumed and agreed to pay said mortgage, was inserted by the mistake of the scrivener who drew said deed, and by the mutual mistake of all the parties to the transaction. The case was tried by the court, without a jury. The court found for the defendant Arend, and from an order denying plaintiff's motion for a new trial he appeals.

It is urged by appellant that the evidence does not sufficiently prove that said clause in the deed was inserted by mistake, as alleged in the answer, so as to warrant a reformation of the deed or justify the judgment ordered by the court below. It is true that the evidence which would warrant such a reformation or sustain such a judgment must be clear, strong, and satisfactory. It appears by the evidence that Christensen and Arend entered into an executory agreement, in writing, for the exchange of properties. By its terms, Arend agreed to sell and convey to Christensen certain real estate, and, in consideration thereof, Christensen agreed to sell and convey to Arend said mortgaged real estate, subject to said mortgage, but the agreement did not provide that Arend should either assume or agree to pay said mortgage. Subsequently, Christensen made the deed here in question. It appears by the evidence that all the negotiations and transactions in the matter were conducted on the part of Arend by his agent, one Schwabe, who signed the executory contract on the part of Arend, and received and recorded the deed to Arend. Arend was the only witness sworn on his own behalf, and he testified that he authorized Schwabe to make the trade for him, but with instructions that he must not be made liable to pay the mortgage; that he never saw the deed from Christensen until about six weeks after it was recorded, being about two months before the commencement of this action, at which time Schwabe brought it to him after it was recorded, and he read it, and discovered that it

contained the clause in question, but that he did not understand what it meant, and did not object to it or say anything to any one about it until just before the commencement of this suit; that he gave no instructions as to how the deed should be drawn, but that Schwabe told him it was to be drawn the same way as the contract had been drawn; that he was not present at the time of any of the negotiations or transactions with Christensen; that he paid one instalment of interest on the mortgage during the time he held the mortgaged property, and conveyed the property to the defendant Heller, by a deed containing a similar clause, by which Heller assumed and agreed to pay this mortgage. While the evidence on behalf of Arend was not as full and satisfactory as it would be if he had been aided or corroborated by the evidence of Christensen or Schwabe, or both, they being the parties who actually conducted the negotiations, yet it was wholly uncontradicted, and we are of the opinion that it was sufficient to sustain a judgment for Arend. But, while the evidence was sufficient to sustain such a judgment, we are of the opinion that the findings of fact are not.

The court finds that Arend authorized Schwabe to act as his agent in making this trade; that "said Schwabe was empowered to make said trade or exchange only on condition that said defendant Arend should not thereby be made personally obligated to pay the mortgage debt then on said real property." The court then finds the making of the executory contract and the deed as hereinbefore stated, and further finds "that the saio words 'said described mortgage and interest thereon second party hereby assumes and agrees to pay' were inserted in said deed wholly without any authority from or consent thereto by said defendant Arend; and that it does not appear whether said defendant Christensen intentionally caused said words to be inserted, or whether they were permitted to be written therein by said Christensen by inadvertence and mistake." "(3) That said defendant Arend did not, as part of the consideration for the conveyance to him by defendant Christensen of said premises described in said deed, assume or agree, expressly or at all, to pay the mortgage and mortgage debt described in the complaint or any part of the same."

In the second last finding above quoted, the trial court assumes that, because Arend did not authorize or consent to the insertion in

the deed of the clause in question, it must be held, as a question of law, that it was inserted by either the fraud or mistake of Christensen, and states that it does not appear whether it was one or the other. It does not follow, as a question of law, that, because this clause was inserted in the mortgage without the consent of Arend, therefore it was inserted by the fraud or mistake of Christensen. A written contract cannot be reformed unless the alleged error occurred by mutual mistake, or by the mistake of one party and the fraud of the other. It does not follow, as a mere question of law, that, because a written contract is not according to the intention of one party, therefore it is not according to the honest intention of the other party. The court nowhere finds that this clause was inserted in the mortgage by reason of either the fraud or mistake of Christensen, or that the deed is not according to his honest intent. Every presumption of law must be made in favor of the deed as it is written. Though the written executory contract is merged in the deed, yet, in an action to reform the deed so as to make it conform to such contract, such contract is important evidence; but, taken alone, it is not sufficient to overturn the last expression of the parties as found in the deed. Neither does the additional fact that the variance between the deed and the executory contract is without the authority or consent of the one party make it so conclusive that it must be held in an appellate court as a mere question of law that such variance occurred by the mistake or fraud of the other party. The court not having found facts sufficient to warrant the reformation of the deed, the third finding of fact last above quoted becomes a mere conclusion of law, which directly contradicts the deed and therefore must fall. The trial court has not found the ultimate fact of mistake or fraud on the part of Christensen, and we cannot find it as a mere question of law from the evidential facts found. For this reason the order appealed from is reversed, and a new trial granted.